J-S53006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALDEMAR ROSARIO | : | |
| | : | |
| Appellant | : | No. 2178 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0131601-1992

BEFORE:  OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:               **FILED NOVEMBER 13, 2019**

Appellant, Waldemar Rosario, appeals *pro se* from the judgment of sentence entered on June 28, 2018.  We affirm.

In 1991, when Appellant was 17 years old, Appellant robbed Jeffrey Raum and, during the course of the robbery, stabbed Raum in the leg. Appellant severed Raum's femoral artery and caused Raum to bleed to death. A jury found Appellant guilty of second-degree murder, criminal conspiracy, robbery, and possessing instruments of crime ("PIC").  On September 9, 1993, the trial court sentenced Appellant to serve the then-mandatory term of life in prison, without the possibility of parole, for the murder conviction and concurrent terms of two to five years in prison for the conspiracy and PIC convictions.

Following the *nunc pro tunc* restoration of Appellant's direct appellate rights, we affirmed Appellant's judgment of sentence in 1999 and, in 2000,

the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Rosario*, 745 A.2d 46 (Pa. Super. 1999) (unpublished memorandum) at 1-2, *appeal denied*, 751 A.2d 189 (Pa. 2000).

On September 7, 2000, Appellant filed his first PCRA petition. The PCRA court denied Appellant post-conviction collateral relief on December 4, 2003 and, on October 12, 2004, we affirmed the PCRA court's order. *Commonwealth v. Rosario*, 864 A.2d 583 (Pa. Super. 2004) (unpublished memorandum) at 1-12, *appeal denied*, 877 A.2d 461 (Pa. 2005).

Appellant filed his second PCRA petition on January 7, 2010. The PCRA court dismissed this petition on January 11, 2010 and we affirmed the PCRA court's order on May 23, 2011. *Commonwealth v. Rosario*, 30 A.3d 544 (Pa. Super. 2011) (unpublished memorandum) at 1-5.

On July 27, 2012, Appellant filed a third PCRA petition, where he sought relief from his judgment of sentence pursuant to the United States Supreme Court's opinion in *Miller v. Alabama* and its holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. 460, 479 (2012). *See* Appellant's Third PCRA Petition, 7/27/12, at 1. Appellant then filed an amended PCRA petition on March 16, 2016 and claimed entitlement to relief under *Montgomery v. Louisiana*, where the United States Supreme Court held that "*Miller* announced a substantive rule of constitutional law" that was retroactive to cases on state collateral review. ___ U.S. ___, 136 S.Ct. 718, 734 (2016). Appellant was granted PCRA relief in the form of resentencing.

On June 28, 2018, the trial court vacated Appellant's sentence of life imprisonment without the possibility of parole and resentenced Appellant to serve an aggregate term of 25½ years to life in prison. N.T. Resentencing, 6/28/18, at 24. Appellant filed a timely notice of appeal. Notice of Appeal, 7/11/18, at 1.

While the appeal was pending, Appellant filed a request to proceed *pro se*. We remanded the matter to the trial court, so that the trial court could determine whether Appellant knowingly, intelligently, and voluntarily waived his right to counsel on appeal. Order, 11/3/18, at 1. Following a hearing, the trial court granted Appellant's request to proceed *pro se.* Appellant now raises six claims to this Court:

> [1.] Whether the Common Pleas Court was the competent court given the subject matter jurisdiction to immediately release Appellant on June 28th 2018 due to the fact that no Written Order or Final Order was entered in the docket by the Clerk of Court validating the September 9, 1993 Second Degree Life Sentence pursuant to 18 Pa.C.S. §1102(b)?
>
> [2.] Whether the lawful decision to make by the Common Pleas Court, the District Attorney of Philadelphia County and the previously assigned Defender Association attorney's upon realizing there was no Written Sentencing Order from September 9th, 1993 should have been to immediately release Appellant without any further penalty?
>
> [3.] Whether the Re-sentencing Court in the June 28, 2018 Juvenile resentencing hearing should have halted the proceedings once the A.D.A. made a claim that Appellant rejected a Third Degree Offer in 1992 of 14 to 28 simply to verify the probable bold assertion by the A.D.A. that Appellant actually denied such an offer?

[4.] Whether the Court during the re-sentencing had an audio recording of the entire proceeding to determine if counsel for the Commonwealth made mention on the record that Appellant was offered 14 to 28 years on a Third Degree offer made in 1992, and will the court provide the Superior Court said audio recording and permit Appellant a copy free of charge?

[5.] Whether a Written Court Order exist with statutory authority validating the June 28, 2018 25½ to Life on Parole sentence; b) Whether the Re-sentencing Court legislated from the bench by giving the Board of Probation and Parole authority knowing legislation has not moved since the *Miller v. Alabama* or, *Montgomery v. Louisiana* U.S. Supreme Court decisions to amend the Parole Powers Statute where only through the executive grace of the governor can Appellant be supervised on Parole, and; c) Whether re-sentencing court abused its unfettered discretion by misunderstanding and misapplying a mere suggestion made by the justices in the *Batts II* decision to use the new sentencing juvenile statute as a guide and gave Appellant an illegal sentence?

[6.] Whether the Common Pleas Court, the District Attorney's Office, the Department of Corrections and the Commonwealth's Board of Probation and Parole are currently operating in violation of either of the following statues, 18 U.S.C.S. §§ 1962, 1341 and 1951, beginning with the September 9th, 1993 sentence of Appellant to Life pursuant to a statute that merely defines (18 Pa.C.S. §2502 (b)) what Second Degree Murder is and does not carry a penalty?

Appellant's Brief at 3-4.

We have reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinion of the able trial court judge, the Honorable Jeffrey P. Minehart. We conclude that Appellant is not entitled to relief in this case and that Judge Minehart's December 11, 2018 opinion meticulously and accurately disposes of Appellant's issues on appeal.

Therefore, we affirm on the basis of Judge Minehart's thorough opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Minehart's December 11, 2018 opinion.

Judgment of sentence affirmed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *11/13/2019*

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY **FILED**
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

2018 DEC 11 PM 2: 53

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA  :  COURT OF COMMON PLEAS JUDICIAL DISTRICT
:  OF PHILADELPHIA COUNTY PENNSYLVANIA
:
VS.  :  CRIMINAL TRIAL DIVISION
:
:  CP-51-CR-0131601-1992
:
WALDEMAR ROSARIO  :



CP-51-CR-0131601-1992 Comm v Rosario, Waldemar
Opinion

**OPINION**

8200799481

## PROCEDURAL HISTORY

Appellant, Waldemar Rosario, appealed from the judgment of sentence imposed by this Court on June 28, 2018, of twenty-five and one-half years to life imprisonment following the striking of his original sentence of life imprisonment without the possibility of parole.. Appellant, who was seventeen years' old when originally charged, was convicted on December 10, 1992, of second-degree murder, criminal conspiracy, and possessing instruments of crime, generally, following a jury trial before the Honorable William J. Mazzola and was sentenced on September 9, 1993, to life imprisonment on the murder conviction and two to five years' incarceration on the other convictions. These convictions arose out of an incident that occurred on December 28, 1991, during which appellant stabbed Jeffrey R. in his leg during a robbery and severed his femoral artery, which caused him to bleed to death. Following his arrest, appellant gave a statement to police wherein he admitted that he stabbed the victim.

1

Following sentencing appellant filed a notice of appeal, which was denied in 1999 by the Superior Court. Commonwealth v. Rosario, 745 A.2d 46 (Pa. Super. 1999) (unpublished memorandum), after which the Pennsylvania Supreme Court denied his petition for allowance of appeal. Commonwealth v. Rosario, 751 A.2d 189 (Pa. 2000) (Table). Appellant thereafter twice unsuccessfully sought relief pursuant to the Post-Conviction Relief Act (hereinafter PCRA), 42 Pa.C.S. § 9541 et seq.

On July 27, 2012, appellant filed another *pro se* PCRA petition wherein he asserted that he was entitled to have his life sentence vacated pursuant to Miller v. Alabama, 567 U.S. 460 (2012), which held that sentences of life imprisonment without parole imposed on juveniles less than eighteen years of age at the time they committed the crime upon which the life sentence was imposed was unconstitutional. In accordance with the decision in Montgomery v. Louisiana, 136 S.Ct. 718 (2016), wherein the United States Supreme Court held that its ruling in Miller applied retroactively to matter on collateral review, on June 28, 2018, this Court granted appellant's petition and vacated the sentences, including the life sentence, previously imposed upon him on September 9, 1993. After vacating the originally imposed sentences, this Court imposed the above-referenced sentence of twenty-five and one-half to life imprisonment on the second degree murder conviction and verdicts without further penalty on the other convictions.

Following the imposition of sentence, appellant filed a timely *pro se* notice of appeal. He thereafter petitioned to proceed on appeal *pro se*. On November 27, 2018, this Court conducted a hearing in accordance with Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998), and at its conclusion, this Court issued an order permitting appellant to represent himself on appeal from the judgment of sentence imposed by this Court. Appellant thereafter filed a court-ordered Pa.R.A.P 1925(b) Statement of Matters Complained of on Appeal.

2

In the first issue in his 1925(b) statement, appellant claims that this Court lacked subject matter jurisdiction to resentence him because the Clerk of Court did not enter a written or final order "validating the September 9, 1993, Second Degree Life Sentence pursuant to 18 Pa.C.S. § 1102(b)." Appellant's 1925(b) Statement, Issue 1. Relief is not required to be granted on this claim.

Although not well articulated by appellant, it appears to this Court that what appellant is complaining about is the failure to file a sentencing order after appellant was originally sentenced with the Department of Corrections. It is respectfully suggested that relief be denied with respect to this claim.

Subject matter jurisdiction relates to the power of a court to adjudicate the type of controversy presented and is a matter of substantive law. Commonwealth v. Bethea, 828 A.2d 1066, 1074 (Pa. 2003), cert. denied, 540 U.S. 1118, 124 S. Ct. 1065, 157 L Ed. 2d 911 (2004). Appellant's argument that the absence of a written sentencing order entitles him to relief does not involve subject matter jurisdiction but rather the failure to comply with a statutory filing requirement. A similar claim involving the failure to file a sentencing form was considered and rejected by the Superior Court in Joseph v. Glunt, 96 A.3d 365 (Pa. Super. 2014). In Joseph, the Superior Court held that both the criminal docket and the transcript of the sentencing hearing are sufficient to confirm the imposition and legitimacy of the prisoner's sentence, notwithstanding the inability to produce a written sentencing order. Id. at 372. The Court stated:

> [C]ourts confronting this issue in the past have deemed a record of the valid imposition of a sentence as sufficient authority to maintain a prisoner's detention notwithstanding the absence of a written sentencing order under 42 Pa.C.S. § 9764(a)(8).

Id. See also Commonwealth v. Dozier, 99 A.3d 106, 115 (Pa. Super. 2014).

3

Instantly, the record in this case clearly demonstrates that on December 10 1992, appellant was found guilty of second degree murder and other offenses and that on September 9, 1993, Judge Mazzola sentenced him, *inter alia*, to a term of life imprisonment on the murder conviction. This sentence was imposed pursuant to the statutory authority set forth at 18 Pa.C.S. § 1102(b) ("A person who has been convicted of murder of the second degree... shall be sentenced to a term of life imprisonment."). Here, because Judge Mazzola was a duly elected judge authorized to sit in the Philadelphia County Court of Common Pleas and the charges lodged against appellant resulted from acts committed in Philadelphia County it is clear that the Court had subject matter jurisdiction to try and sentence appellant. The lack of a sentencing form does not affect either the court's jurisdiction or the legality of the sentence imposed on appellant because the conviction and sentence are plainly confirmed by the docket and the certified record and were entered in accordance with the law. Accordingly, it is respectfully suggested that appellant be denied relief with respect to this claim.[1]

Second, appellant argues that this Court, his counsel, the Philadelphia Defenders' Association, and the Philadelphia District Attorney's Office should have moved for appellant's immediate release upon realizing that no sentencing order for the sentence imposed on September 9, 1993, had been filed. It is submitted that relief should be denied with respect to this claim for the reasons discussed above, namely because appellant was convicted and sentenced by a duly elected judge for criminal acts committed in Philadelphia County and because the lack of a sentencing order does not render a legally imposed sentence a legal nullity.

In Issues 3 and 4 appellant makes reference to an alleged plea offer made to him by the Commonwealth before he was tried and argues that when this alleged plea offer was referred to

---

[1] Parenthetically, a review of all of appellant's filings through the years indicates that he acknowledged that he had been duly convicted and sentenced because many of his filings address his convictions and sentencing.

4

during the sentencing hearing, the hearing should have been halted. He also requests that this Court ascertain whether there is an audio recording of the sentencing hearing and then check it to see whether counsel for the Commonwealth made reference to the alleged plea offer of fourteen to twenty-eight years' incarceration in exchange for appellant's guilty plea to the charge of third-degree murder.

Appellant does not explain why the hearing should have been halted or set forth any issue involving the alleged comment which would entitle him to relief. He also did not raise it before this Court. For these reason alone, the claims should be determined not to present any issue upon which appellate relief could be granted. See Pa.R.A.P. 302 (claims not raised in the court below cannot be raised for the first time on appeal).

Nevertheless, this Court carefully reviewed the transcript of the sentencing hearing and that review revealed that the only reference to a plea offer was made by appellant's counsel. (N.T. 6/28/18, 8). It is also noted that this Court is unaware of the existence of any audio recordings of the sentencing hearing. Accordingly, for the reasons stated, no relief should be granted on appellant's third and fourth claims.

Fifth, appellant argues essentially that there are no statutory provisions justifying either the sentence imposed upon him by this Court or for this Court's order directing the Pennsylvania Board of Probation and Parole (hereinafter PBPP) to supervise appellant's parole. Essentially, appellant is arguing that his sentence is illegal because the State Legislature has failed to enact any legislation pertaining to the sentences that may be imposed on juveniles resentenced in accordance with Miller and Montgomery, supra, or any legislation giving the PBPP authority to supervise resentenced juvenile lifers. Appellant also argues that this Court committed an abuse of discretion when it resentenced appellant by applying a suggestion by Justice Max Baer in a

5

concurring opinion His Honor filed in Commonwealth v. Batts, 66 A.3d 286 (Pa. 2013), that judges resentencing juveniles whose life sentences have been vacated consider the sentencing scheme enacted by the Pennsylvania Legislature for juveniles who are convicted of first and second degree murder after June 24, 2012, the effective date the legislation referred to by Justice Baer. See 18 Pa.C.S. § 1102.1.

Although appellant is correct that no specific sentencing laws have been enacted regarding the re-sentencings of juveniles previously convicted of offenses mandating life sentences, the Pennsylvania Supreme Court held in Batts, supra, that the lack of such legislation did not divest the courts of the ability to re-impose sentences on former juvenile lifers and that the sentencing provisions applicable to third degree murder convictions did not apply to juveniles. That ruling was affirmed four years later when the Batts case was again before the Supreme Court and the legislature had enacted no legislation applicable to juveniles previously sentenced to life in prison. Commonwealth v. Batts, 163 A.3d 410; 445 (2017).

In Commonwealth v. Machicote, 172 A.3d 595 (Pa. Super. 2017), appeal granted, 186 A.3d 370 (Pa. 2018) (Table), the defendant, a former juvenile lifer, raised a claim challenging the legality of his new sentence on ground similar to those raised by appellant herein. The Superior Court rejected those claims, stating:

> Finally, and of note with respect to the current appeal, our Supreme Court reaffirmed the sentencing scheme applicable to juvenile offenders for whom the sentencing court determines LWOP sentences are inappropriate (i.e., imposition of a term-of-years to life sentence as discussed above) and specifically "instruct[ed] sentencing courts to look to the mandatory minimum sentences set forth in section 1102.1(a) for guidance in setting a minimum sentence for a juvenile convicted of first-degree murder prior to Miller." Batts II, 163 A.3d at 443 n.17.
>
> In creating the aforementioned sentencing scheme, the Court expressly rejected the claim of Batts and his amici, which

6

Appellant herein now argues, that there is no legislatively authorized sentence for juveniles convicted of first-degree murder prior to 2012. Id. at 436-41. The Court also rejected Batts' contentions that the forty year maximum penalty for third-degree murder is the only legal alternative and that severance of the statute is impossible. Id. at 442-48. Importantly, the Court held, *inter alia*, that a trial court, in resentencing a juvenile offender convicted prior to Miller, was constitutionally permitted to impose a minimum term-of-years sentence and a maximum sentence of life imprisonment, thus "exposing these defendants to parole eligibility upon the expiration of their minimum sentences". Batts II, 163 A.3d at 39. We are bound by our Supreme Court's decision.

Machicote, 172 A.3d at 601-602 (footnote omitted). See also Commonwealth v. Melvin, 172 A.3d 14 (Pa. Super. 2017) (holding that a trial court is permitted to impose a sentence composed of a term of years as the minimum sentence and life imprisonment as the maximum sentence pursuant to the Supreme Court's Batts' decisions). The Machicote Court further noted that although Batts concerned a conviction for first-degree murder, the rationale employed therein applied to juveniles convicted of second-degree murder. Machicote, 172 A.3d at 601, nt. 2.

Based on the foregoing, it is clear that to the extent that appellant is arguing that his sentence is illegal because of the lack of statutory support for it, the claim lacks merit and should be rejected on appeal.

Next, appellant's claim that the Board of Probation and Parole does not have jurisdiction to supervise him because of the lack of statutory authority entitling it to do so also lacks merit. In Commonwealth v. Batts, 163 A.3d 410 (Pa, 2017), the Pennsylvania Supreme Court opined that certain language in sections of 61 Pa.C.S. § 6137(a)(1)[2] and 42 Pa.C.S. § 9756(b)(1) could be severed pursuant to 1 Pa.C.S.A. § 1925, thereby allowing a juvenile convicted of murder before June 25, 2012, to receive a minimum sentence that is less than the mandatory term of life imprisonment. Batts, 163 A.3d at 441-42. The effect of this decision was to effectively

---

[2] This section denies parole to defendants sentenced to life imprisonment.

7

empower the PBPP to supervise former juvenile lifers after they were sentenced to serve a sentence composed of a term of years and are granted parole.

The law is clear that an individual whose maximum sentence is greater than two years falls within the jurisdiction and authority of the Parole Board. Reese v. Johnson, 774 A.2d 1255, 1259 (Pa. Super. 2001). "For prisoners whose maximum sentence is two years or more, the Board has exclusive power 'to parole and reparole, commit and recommit for violations of parole, and to discharge from parole....' Reese, 774 A.2d at 1259. See also 61 Pa.C.S. § 6132 (granting exclusive parole power of state inmates sentenced to serve minimum sentences of two years or greater to the State Parole Board). Consequently, it is suggested that appellant be denied relief with respect to this claim.

Finally, appellant's assertion that this Court relied upon Justice Baer's suggestion when it decided upon his sentence entitles him to no relief because appellant did not raise this discretionary claim previously either during the sentencing hearing or in a post-sentence motion. Thus, any challenge to the discretionary aspects of his sentence should be deemed waived. See Machicote, 172 A.3d at 602 (holding that a discretionary aspect of sentencing claim must be raised before the sentencing court to be preserved for appellate review).

Even had appellant preserved this claim, it still would be the opinion of this Court that appellant is not entitled to relief on this claim because this Court did not consider Judge Baer's suggestion in deciding on appellant's sentence. Had the Court done so it would have imposed a minimum sentence of at least thirty years' incarceration as suggested by 18 Pa.C.S. § 1102.1(c)(1). Instead the Court imposed a sentence that was four and one-half years shorter than the suggested sentence. Thus, clearly even had appellant preserved this claim he still would not have been entitled to any relief.

8

In his sixth and final issue appellant cites several federal statutes and claims that the Pennsylvania Courts of Common Pleas, the District Attorney's Office, the Pennsylvania Department of Corrections, and the PBPP are in violation of them commencing on September 9, 1993, the day he was originally sentenced because 18 Pa.C.S. § 2502(b) does not set forth a penalty. This Court takes no position on appellant's claim that the above named entities are in violation of the federal statutes cited by appellant. Nevertheless, although section 2502(b) does not set forth a penalty, 18 Pa.C.S. § 1102 does currently and did when appellant was sentenced for someone convicted of second-degree murder. Consequently, it is suggested that appellant be denied relief with respect to this claim.

## CONCLUSION

For the foregoing reasons, defendant's assertions of error should be dismissed for lack of merit and the judgment of sentence entered in this matter should be affirmed.

By the Court,

DATE: 12/11/18

Honorable Jeffrey P. Minehart

9